NEW YORK CENTRAL RAILROAD COMPANY *v.* CLARK, EXECUTRIX ETC.

[No. 19,917. Filed April 16, 1964.]

58

*Richard O. Olson,* of Chicago, Illinois, and *Willard H. Chester, Jr.,* of Elkhart, for appellant.

*Warren A. Deahl, Thomas L. Murray, William J. Reinke, Daniel W. Rudy* and *Oare, Thornburg, McGill & Deahl,* of counsel, all of South Bend, for appellee.

KELLEY, J.—On March 5, 1959, the Kosciusko Circuit Court granted the appellee, Alice Prow Clark, letters testamentary, as executrix, in the estate of Fred O. Clark, who died testate on February 27, 1959. On March 1, 1960 appellee, as such executrix, filed her account and vouchers in final settlement of said estate and on April 25, 1960 she was finally released and discharged from her duties as such executrix. Said appellee was the widow and sole heir of said decedent and the sole devisee under his will.

On February 14, 1961 said Alice Prow Clark filed her verified petition to reopen said estate of said decedent and that she be reappointed as executrix thereof on the alleged ground that there was one necessary act remaining unperformed by her which she believed to be a proper cause for the reopening of said estate; that said necessary act and proper cause referred to is the pursuit of a wrongful death claim against the New York Central Railroad; that a train of the latter mentioned railroad struck the automobile of the decedent causing his death; that the wrongful death claim against said railroad has not been settled or determined and suit must be filed on or before February 27, 1961 or the cause of action will be lost because of the statute of limitations.

On the same day, February 14, 1961, the Kosciusko Circuit Court found that the averments of the petition to reopen the estate are true; that there are assets of said estate of substantial but undetermined value arising from the wrongful death claim referred to in the petition, which said claim is subject

to the jurisdiction of the court as a probable asset and "which has not and should be" administered upon; that the petitioner is an interested party; and that said claim, unless settled to the satisfaction of and with the approval of the court, should be filed in an appropriate state court or the United States District Court on or before February 27, 1961.

Thereupon, the court entered its order granting the prayer of said petitioner, reopening said estate without notice, and reappointing said Alice Prow Clark as Executrix thereof upon her giving bond in the amount of $100.00 and otherwise qualifying according to law. Said executrix duly qualified by taking oath and filing bond in the penalty of $100.00, which bond was approved by the court, and duly authenticated letters testamentary were issued to said Alice Prow Clark.

On May 26, 1961, the appellant filed in said court its verified petition to revoke said letters testamentary so issued to Alice Prow Clark upon the alleged ground that her petition to reopen the estate and the court's order entered thereon show on the face thereof that "the sole and only purpose" for the reopening of said estate and the reissuance of letters testamentary to said Alice Prow Clark was to "permit" her to bring action against appellant "for the wrongful death" of decedent, which action she had in fact filed against appellant, and that, by reason of the "facts set forth", said letters were "improvidently and improperly issued" by the court and its act in so doing was contrary to law. It is further alleged in appellant's said petition that it, appellant, is an "interested party".

On May 24, 1962, appellant's said petition for revo-

cation of the letters testamentary was submitted to the court for trial and evidence was heard thereon. The court found against appellant on its petition and adjudged that the same be "overruled and denied". Appellant duly filed its motion for a new trial on the specified grounds that the decision of the court is not sustained by sufficient evidence and that the same is contrary to law. Said new trial motion was overruled and this appeal followed in due course.

Of the assignments filed herein, the only assignment of error presenting any question is that the court erred in overruling appellant's motion for a new trial. The first specification of that motion charging insufficiency of evidence to sustain the decision of the court is unavailing to appellant. The second specification that the decision of the court is contrary to law provokes for initial consideration whether the appellant, under the circumstances here apparent and the provisions of the probate code and other statutes in force and effect on May 26, 1961, was entitled to institute and maintain this proceeding to revoke and set aside the letters testamentary issued to appellee.

If, as appellant asserts, the statute, §7-1114, Burns' 1953 Replacement, did not authorize the court to reopen the estate of the decedent and reappoint said Alice Prow Clark as the personal representative for the sole and only purpose of instituting action against appellant on a claim for wrongful death of the decedent, then it must follow that appellant is, in fact, proposing that the court in said proceeding was without jurisdiction in the premises and, consequently, its acts in reopening the estate and issuing the letters testamentary to said named appellee were void. Therefore, since the appellant here challenges the au-

thority of the court to appoint and issue letters to appellee and not the latter's authority to sue, we do not conceive that for the purpose of this proceeding, the appellant would be bound and limited by the provisions of §7-405, Burns' 1953 Replacement, depriving appellant of the right to question the right of the personal representative to sue, as such, where a duly authenticated copy of the letters is submitted as evidence of such right. See *Powell* v. *Jackson* (1916), 60 Ind. App. 597, 605, 606, pt. 4, 111 N. E. 208; *Toledo, St. Louis and Kansas City Railroad Company* v. *Reeves* (1893), 8 Ind. App. 667, 669, 35 N. E. 199; *The Jeffersonville Railroad Company* v. *Swayne's Administrator* (1866), 26 Ind. 477, 481.

Basically, appellant's advanced position is that it is apparent from the whole record of the trial court, beginning with appellee's petition and the filing thereof, that the request for the reopening of the estate and the issuance of letters to appellee and the court's actions and order taken and entered pursuant to the petition therefor, had no relation whatsoever to or connection with the decedent's estate or any of the assets or property thereof, either previously administered or newly discovered, but pertained only to the sole purpose of clothing appellee with authority to institute an action against appellant for wrongful death of decedent. Thus, although appellant concludes and concedes that appellee could have pursued the action for wrongful death during the course of the general administration of said estate or appellee could have applied for special letters for such purpose after the closing of said estate, the appellant persists that she could not utilize the provisions of §7-1114, Burns' 1953 Replacement, because it did not authorize the opening of the previously closed estate and the is-

suance of letters to appellee "for the sole and only purpose of bringing an action for wrongful death against a third party."

§7-1114, Burns' 1953 Replacement, being Acts 1953, ch. 112, §1714, reads, in pertinent part, as follows:

"7-1114. *Assets not administered.*—(a) If, after an estate has been settled and the personal representative discharged, other property of the estate shall be discovered, or if it shall appear that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of the discharged personal representative of any person interested in the estate and, without notice or upon such notice as it may direct, may order that said estate be reopened. It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed necessary. Unless the court shall otherwise order, the provisions of this code as to an original administration shall apply to the proceedings had in the reopened administration so far as may be, but no claim which is already barred can be asserted in the reopened administration."

Appellant urges that said section of our Probate Code, §7-1114, Burns' 1953 Replacement, affords only three grounds for the reopening of the estate, viz: "(a) Other property of the estate shall be discovered. (b) Any necessary act remains unperformed on the part of the personal representative. (c) Any other proper cause.", and if an estate is to be "reopened for whatever reason, the reason must bear some relation to and have some effect on the estate which is to be reopened."

In its argument appellant seems to propose that in determining the involved question we must be con-

fined to the specific ground alleged in appellee's petition for reopening and appointment and the specific finding of the court made at the time it granted the petition, reopened the estate, and reappointed appellee as executrix. We are not so inclined. No special findings were requested and, if it be assumed that it was necessary for the court to enter any particular findings at all in the matter, such finding must be considered a general finding. If the conclusion reached by the court is correct for any reason, whether or not expressed in the general finding, it must be upheld. 2 I. L. E., *Appeals*, §472, p. 355.

It is conceded that appellee, during the administration of the original estate of the decedent in the Kosciusko Circuit Court, could have instituted, as the duly appointed executrix, an action against appellant to recover damages for personal injuries resulting in the death of decedent. It is conceded, also, that upon petition, she could have been granted special letters by that same court for the purpose of bringing such action against appellant. It follows, therefore, as a compelling, essential, logical sequence, that appellant's claim that the court "improvidently and improperly issued" letters testamentary to the individual appellee for the purpose of authorizing her, as personal representative, to institute action against appellant for wrongful death of the decedent, is predicated wholly upon the implied proposition that the court, upon the basis of the said allegations in appellee's verified petition, was without authority to *reopen the previously closed estate of decedent.*

The validity and legality of the appointment, by the Kosciusko Circuit Court, of appellee, Alice Prow Clark,

as the personal representative for the purpose of instituting and maintaining said wrongful death action against appellant, and the issuance of letters to her for that purpose, did not, in our opinion, rest or depend upon the reopening of decedent's estate. That court, as is herein conceded, possessed the general jurisdiction and authority to grant letters to said appellee for said special purpose. And whether, in discharging said function, the court reopened the decedent's estate or granted the letters without the reopening thereof was, it seems to us, of no concern to appellant. We think that the interest and concern of the latter, in this case, extends only to a final judicial determination that the letters possessed and claimed by appellee, Alice Prow Clark, as such personal representative, were granted and ordered issued to her by a court of competent jurisdiction in the premises, and that she duly qualified therefor. No contention is here made that appellee failed to qualify, as provided by the probate code. §7-403, Burns' 1953 Replacement.

In acting upon appellee's application for letters testamentary, as personal representative for the sole purpose of the wrongful death claim, the Kosciusko Circuit Court, in our opinion, was under no legal compulsion to reopen the former estate of the decedent in order to acquire jurisdiction to make the appointment and grant the requested letters. Assuming, for present discussion and as appellant now urges, that the court erroneously reopened the closed estate of the decedent, such fact, in our opinion, would, as to appellant in this cause, constitute but an irregularity of no such legal significance as to render void or ineffective the letters issued to appellee or the action of the court in granting the same.

Appellant's urged position possesses potency only upon the premise that the provisions of said §7-1114 must be held to be so far exclusive that the court was unauthorized to grant the prayer of appellee's petition unless one or more of the three enumerated grounds for the reopening of the old estate was found to exist by the circumstances alleged in said petition and established by the evidence. In other words, adopting an assumption that appellee's petition was framed in an effort to meet the requirements of the statute for the reopening of the closed estate, and that the alleged and established facts failed in legal sufficiency to warrant the court to reopen said estate upon one or more of said statutory grounds, would such fact, of itself, preclude the court from granting the letters testamentary to appellee for the purpose of enabling her, as personal representative, to bring and maintain the wrongful death action against appellant?

It must now be considered settled that if, instead of petitioning the court under the provisions of said §7-1114 for the reopening of said estate in order to obtain her reappointment by the court as the executrix of decedent's estate for the sole purpose of bringing and maintaining the wrongful death action, the individual appellee had filed her petition for appointment as personal representative under a new number and without any connection with the former estate, the action of the court in appointing her and issuing proper letters to her could not now be challenged. See *Pettibone* v. *Moore* (1944), 223 Ind. 232, 59 N. E. 2d 114. So, therefore, the enquiry is narrowed to the substantive and determinative procedural point: did the fact that appellee opened the closed door for entrance to the court rather than proceeding down the

open hallway leading directly thereto, serve to deprive the designated beneficiary of the right granted by the statutes to pursue the newly created cause of action for damages allegedly sustained by reason of the wrongful death of the decedent?

It would seem that the crucial, vital, essential and ultimate object sought by the petition and the prayed for action by the court was not the reopening of the old estate but the appointment of a personal representative for the prosecution of the action for wrongful death. And we are impressed that in accomplishing that object, under the facts and circumstances here attending, insofar as appellant is concerned, it became and was immaterial whether or not the court reopened the closed estate of the decedent.

Some difficulty may have been experienced herein by the failure to observe the anomalous character of the authorized action for wrongful death of the decedent. The statute, §2-404, Burns' 1963 Cum. Pk. Suppl., grounds the right of action upon the precedent premise that the decedent "might have maintained an action had he or she, . . . , lived". Yet, other than the fact, to be proved, that the decedent died and that his death resulted proximately from the wrongful act of the defendant, the action has no relation to the decedent or his estate. Under the common law, as has often been said, the right or cause of action died with the person and, consequently, his widow and dependents were left without recompense for the loss of their source of support. Legal contemplation led to an effort to remedy the apparent injustice.

And so it was that by legislative enactment, a new cause of action was created for the benefit of certain

designated beneficiaries in preferential and exclusive class order. However, the designated beneficiaries were not vested with the right to institute and maintain the action in their own proper persons. Instead, such right and authority to institute, prosecute and conclude such action was centered in the "personal representative" who, in effect, acts not as a representative of the decedent at all but, by virtue of legal appointment, is merely a trustee for the designated beneficiaries. No part of any damages recovered by the personal representative goes into or becomes a part of the decedent's estate, or is subject to his debts or the claims of his creditors. The damages belong and are distributable to the beneficiaries in the preferential class order named in the statute, to the total exclusion of the other classes of less preference, and such distribution is made "in the same manner as the personal property of the deceased."

We have paused to remark upon the foregoing observations in order to bring into focus the basic concept, presently held, that the primary objective sought by the appointment by the court, as in this case, of the personal representative, is to utilize the latter "as the instrument of enforcement of the right of action" created by the statute for the benefit of the designated beneficiaries, and that the personal representative derives his authority to bring the suit "not from his probate appointment" but "wholly from the statute." (The foregoing quoted words are taken from the case of *Ghilain* v. *Couture* (1929), 84 N. H. 48, 146 A. 395, adopted and approved in the Pettibone case above cited). It logically follows, we think, that in carrying out its duty and authority to appoint a personal representative "as the instrument of enforcement" of the action on behalf of the designated benefi-

ciaries, the court exercises a broad judicial discretion under all the disclosed circumstances. We are inclined further that such discretion may not be limited and encompassed to the injury and deprivation of the statutory vested rights of the beneficiaries, by the insistence of one without interest in decedent's estate that the court committed an irregularity in a matter foreign to any interest of the insister.

It seems inconceivable that the rights granted to the beneficiary by the statute, §2-404, Burns' 1963 Cum. Suppl., should be foreclosed upon the proposed theory that the provisions of said §7-1114, Burns' 1953 Replacement, are exclusive and deny the court the authority and power to make the appointment of the personal representative and issue the proper letters unless one or more of the statutory grounds for the opening of the former estate is presented and established.

Judgment affirmed.

Hunter, P. J., Mote, J., concur; Pfaff, J., not participating.

NOTE.—Reported in 197 N. E. 2d 646.