Country Mutual Insurance Company, Petitioner-Appellee, v. The National Bank of Decatur, Administrator of the Estate of Ronald Lee Brown, Deceased, Respondent-Appellant.

Country Mutual Insurance Company, Petitioner-Appellee, v. Raymond Wattles, Administrator of the Estate of Darrell Wayne Wattles, Deceased, Respondent-Appellant.

Gen. Nos. 11,030, 11,031. (Consolidated.)

Fourth District.

May 22, 1969.

Rehearing denied July 1, 1969.

Woollen, Brown & Hawkins, of Decatur (Rex L. Brown and Elmer C. Hawkins, of counsel), for appellants.

Marshall A. Susler and Robert D. Owen of Greanias & Owen, of Decatur, for appellee.

CRAVEN, J., delivered the opinion of the court.

This is an appeal in two separate cases by administrators of deceased automobile passengers from orders and judgments of the circuit court vacating and setting aside the awards made by an arbitrator in two arbitration proceedings held pursuant to arbitration clauses in automobile insurance policies issued by Country Mutual Insurance Company under uninsured-motorist endorsements.

The accident involved occurred May 13, 1962, when Ronald Lee Brown and Darrell Wayne Wattles, passengers in an automobile driven by George Campbell, allegedly driven at a high rate of speed, were injured and died that date from such injuries. The driver of the automobile had no liability insurance. Decedents had insurance policies containing uninsured-motorist endorsements.

While The National Bank of Decatur, as administrator of the estate of Judy Burns, another passenger who died from injuries received in the same accident, filed suit against Virgil Hanks, the driver of another car involved in such occurrence, and received a $5,000 settlement of that case, no suits against Hanks were filed for the wrongful deaths of Ronald Brown or Darrell Wattles.

On April 21, 1965, nearly three years after the deaths, appellants filed demands for arbitration with the American Arbitration Association under the uninsured-motorist endorsements to the policies issued by Country Mutual Insurance Company to Wattles and Brown. Answers to these demands were filed asserting that the claims were barred by the provisions of the Illinois Wrongful Death Statute which made their filing within the two-year statutory period a condition of the cause of action. The cases were heard by an arbitrator appointed by the American Arbitration Association. He entered an award in favor of the administrator of the estate of Ronald Lee Brown, deceased, for $17,500 and an award in favor of the administrator of the estate of Darrell Wayne Wattles, deceased, for $16,000.

Upon applications to the circuit court to vacate the awards, the court vacated and set aside the awards, which orders we have on appeal.

The precise matter presented is whether the arbitrator's awards were properly vacated. The trial court held the arbitrator had exceeded his powers in granting awards in that the two-year statute of limitations in wrongful-death actions applied and that the rights of action had expired when the demands for arbitration were filed.

We are confronted with the question of the trial court's vacating awards of an arbitrator concerning an issue which the parties contracted to arbitrate, and the further question of whether the two-year limitation period in Illi-

nois for commencing wrongful-death actions bars recovery (Ill Rev Stats 1967, c 70, pars 1 and 2), or whether the ten-year statute of limitations as to written-contract actions is applicable to the claims presented (Ill Rev Stats 1967, c 83, par 17).

In 1961, Illinois enacted the Illinois Uniform Arbitration Act (Ill Rev Stats 1967, c 10, par 101, et seq.). Our Supreme Court, in Flood v. Country Mut. Ins. Co., 41 Ill2d 91, 242 NE2d 149 (1968), interpreted that statute in connection with an uninsured-motorist endorsement clause in a standard automobile insurance policy which was virtually identical to the clause in the instant cases. Among other provisions of the statute, the court, in that case, recognized that the statute empowered courts to vacate arbitrators' awards, setting forth the grounds and procedures for such action. (Ill Rev Stats 1967, c 10, par 112.)

While there was considerable conflict in the cases passing upon arbitration at common law, even at common law an arbitration award could be reviewed by the courts. Arbitration awards have been set aside upon a showing of fraud, corruption, evident partiality, that the arbitrator exceeded his authority, irregularities in the proceeding which deprived a party of a fair and impartial hearing, gross errors of fact or law, a plain mistake of law if the submission agreement required the arbitrator to determine the rights of the parties according to law, and a mistake of law if the award showed on its face that the arbitrator intended to decide according to the law but mistook or misconstrued it. These common-law grounds of vacation were fully discussed in White Star Min. Co. v. Hultberg, 220 Ill 578, 77 NE 327 (1906). See also 6 CJS, Arbitration and Award, §§ 104–105.

The arbitration clause in the instant policy endorsement provides: "Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this en-

136

dorsement." Appellants contend that by this clause the parties agreed to be bound by the arbitrator's awards. This clause does not purport to and could not waive or bar the parties from all rights of court review of the awards. Section 12 of the Uniform Arbitration Act (Ill Rev Stats 1967, c 10, par 112), among other grounds for a court vacating an arbitration award, sets forth the ground that "(3) The arbitrators exceeded their powers; . . . ." As was said in Arlington Towers Land Corp. v. John McShain, Inc., 150 F Supp 904, 923 (DC Dist Columbia 1957):

> "Although the Arbitration Agreement specifically provides that the award of the Arbitrator shall be final and binding, that neither party will contest such findings and that neither party will appeal from any portion of the final judgment, there appears to be no doubt but that the plaintiffs are within their rights in challenging the Arbitration award, particularly on the grounds that the Arbitrator exceeded his authority and upon the grounds of fraud, bias and prejuduce."

■■■■ There are certain legal rights and doctrines which the parties cannot waive or stipulate away. Some examples of these are: the requirement of law of filing a timely notice of appeal (McHale v. Marrs, 48 Ill App2d 171, 197 NE2d 736 (2nd Dist 1964)) and the requirement that the tribunal have jurisdiction of the subject matter of a case (Lawn Savings & Loan Ass'n v. Quinn, 81 Ill App2d 304, 225 NE2d 683 (1st Dist 1967)). Of the same nature as these is the right of judicial review. If, in fact and in law, there was no cause of action available here to claimants, the arbitrator exceeded his powers in entering awards and the court was correct in vacating the awards.

137

The uninsured-motorist endorsement clause in the instant policies bound Country Mutual Insurance Company in the "Insuring Agreements":

"To pay all sums which the Insured or his legal representative *shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile* because of bodily injury, including death resulting therefrom, . . . ; provided, for the purposes of this coverage, determination *as to whether the Insured or such representative is legally entitled to recover such damages,* and if so the amount thereof, shall be made by agreement between the Insured or such representative and the Company, or, if they fail to agree and the Insured so demands, by arbitration." (Emphasis added.)

Likewise, the arbitration clause was conditioned:

"If any person making claim hereunder and the Company do not agree that *such person is legally entitled to recover damages from the owner or operator of an uninsured automobile . . . .*" (Emphasis added.)

The uninsured-motorist coverage came into existence to furnish a solution to the problem of the financially irresponsible motorist and the demand for a solution of the problem of compensating the innocent victim injured as a consequence of the negligence of this uninsured motorist who was financially incapable of responding in damages for the injuries so caused.

The effect on such uninsured-motorist clauses of statute of limitations, survival of actions statutes, and limitation provisions in wrongful-death statutes has been the subject of much conjecture and of specialist articles (see Insurance Counsel Journal, January, 1962, p 127, et seq.).

Assuredly, as held in the Flood case, supra, the issue of liability of the uninsured motorist to the insured is one of the issues which the arbitrator was to consider. The essential question in the instant cases, therefore, was whether claimant was *"legally entitled"* to recover damages from the owner of the uninsured automobile.

Appellants contend that the ten-year written-contract statute of limitations is the only limitation statute applicable to these awards as the claims are based upon the insurance contractual provision. Appellee contends, and the trial court held, that the two-year limitation time for commencing a wrongful-death action bars the claim, as claimant would not be *"legally entitled"* to recover from the owner or operator of the uninsured automobile since the claim was not commenced within two years after the deaths involved.

It is evident that the awards were based upon wrongful deaths and that the demands for arbitration were made approximately three years from the date of the accident and deaths.

██ The Illinois courts consistently have held that the right of action for wrongful death is wholly statutory and that the provision in the statute creating the right that requires the action to be brought within the specified time is a condition attached to the right to sue and is not merely a statute of limitations. Hartray v. Chicago Rys., 290 Ill 85, 124 NE 849 (1919). This is unlike a general statute of limitations which may serve as a defense to an action which a defendant may interpose or waive as he sees fit, but it is a condition of the statute of any right to liability whatsoever.

Thus, in Wilson v. Tromly, 404 Ill 307, 89 NE2d 22 (1949), a counterclaim filed for wrongful death after the then one-year statutory time in an action for wrongful death brought within the one-year period, was held barred.

139

In Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280 (1939), receivers for defendant railroad company, who were such at the time the original suit was filed, were not permitted to be substituted for the railroad company after the statutory limitation period had expired.

We have not had cited to us nor do we find any cases passing on the specific point here involved. The cases cited by appellants of Application of Ceccarelli, 204 NYS 2d 550 (1960), Application of Traveler's Indemnity Co., 226 NYS2d 16 (1962), Schleif v. Hardware Dealer's Mut. Fire Ins. Co., 404 SW2d 490 (1966), and others, do not persuade us that we should depart from the long line of Illinois cases interpreting the two-year requirement of suit in a wrongful-death case as a condition of liability. Those cases involved statutes which were only statutes of limitations.

■ It is manifest that when appellants filed their demands for arbitration, no cause of action for wrongful death existed. At that time they were not "legally entitled" to recover damages from the owner or operator of the uninsured automobile within the meaning and requirements of the policy endorsement. Hence, as a matter of law, no cause of action existed and the arbitrator had no power or authority to do anything but deny the claims. The awards made by the arbitrator exceeded his power. The circuit court properly vacated the awards.

Judgments affirmed.

TRAPP, P. J. and SMITH, J., concur.