WILLIAM WITKOWSKI, Plaintiff-Appellee, *v.* COVENANT SECURITY INSURANCE COMPANY, now known as TWENTIETH CENTURY INSURANCE COMPANY, Defendant-Appellant.

(No. 54910; ▮▮▮▮▮▮▮▮▮▮)

First District—October 1, 1971.

---

Rosenfeld, Hafron & Shapiro, of Chicago, (Howard H. Rosenfeld, and Norman L. Hafron, of counsel,) for appellants.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals an order of the Circuit Court compelling arbitration of plaintiff's claim under the uninsured motorist clause in an automobile public liability insurance policy. On appeal defendant contends that the order should not have been granted because the plaintiff was not "legally entitled" to recover against the uninsured motorist due to the running of the statute of limitations on plaintiff's cause of action.

■■ Although plaintiff has filed no brief, we shall consider the appeal on its merits. *Daley v. Jack's Tivoli Lounge, Inc.*, 118 Ill.App.2d 264.

On April 22, 1967, William Witkowski, plaintiff, was injured in an automobile accident with an uninsured motorist. On May 17, 1967, Covenant Security Insurance Co., now known as Twentieth Century Insurance Company, (hereafter "Covenant"), defendant, received a lien filed on behalf of Witkowski by his attorney, Hyman Schechet. This was forwarded to Covenant by the Joseph J. Johnson Insurance Co., the agency which sold Witkowski's insurance policy. Johnson was not an agent of Covenant.

On June 1, 1967, Covenant sent two letters and a form to Witkowski. One letter reserved Covenant's rights under its policy with Witkowski. The other letter was a request to fill out and return an enclosed form in order to complete the investigation of plaintiff's claim. Covenant claims it had no further communication with Witkowski until Covenant was served with the motion to compel arbitration on July 21, 1969.

Witkowski's attorney, Hyman Schechet, testified that he sent four letters demanding arbitration. Covenant admitted receiving the first letter (sent by Schechet on May 16, 1967), on May 17, 1967. On page five of its brief Covenant states the following: "The accident in question occurred on April 22, 1967; plaintiff did not attempt to compel or seek arbitration under the terms and conditions of his insurance policy until July 24, 1969." This statement is not consistent with page eight of the report of proceedings wherein Mr. Schechet reads from his letter of May 16, 1967, as follows:

"THE WITNESS: Gentlemen: Enclosed here please find original demand for arbitration, together with photostatic copies of that portion of the above designated policy under which relief is sought for this uninsured motorist's claim. Same is being sent to you in accord-

ance with the regulations of the American Arbitration Association."

The next three letters demanding arbitration were sent on February 23, 1968, October 14, 1968, and March 21, 1969, respectively. These letters were sent to Covenant at 4849 North Western Avenue. Covenant moved from that address to 2550 West Peterson Avenue in April 1967. Schechet testified that he used the address listed under Covenant in the 1967 telephone directory.

Although the demand for arbitration in the letter of May 16th was for an American Arbitration Association arbitration, which was incorrect, the letter at least put Covenant on notice that Witkowski was making a claim and was demanding arbitration.

The relevant policy provisions read:

"(C) Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights.

Coverage D-Uninsured Motorists Coverage:

The company will pay all sums which the insured or his legal representative shall be *legally entitled to recover* as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative, is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or if they fail to agree and the insured so demands, by arbitration." Emphasis supplied.

According to defendant, no suit was ever filed by plaintiff against the uninsured motorist, and the instant suit was filed more than two years after the accident.

*Opinion*

The defendant contends that the order to compel arbitration was improper since the two year statute of limitations (Ill. Rev. Stat. 1963, ch. 83, par. 15) on plaintiff's cause of action against the uninsured motorist had run when the court ordered arbitration and therefore plaintiff was not "legally entitled" to recover. In support of his contention defendant cites the following from *Country Mutual Insurance Company v. National Bank of Decatur*, 109 Ill.App.2d 133, 140:

"It is manifest that when appellants filed their demands for arbitration, no cause of action for wrongful death existed. At that time they were not "legally entitled" to recover damages from the owner or operator of the uninsured automobile within the meaning and requirements of the policy endorsement. Hence, as a matter of law, no cause

of action existed and the arbitrator had no power or authority to do anything but deny the claims. The awards made by the arbitrator exceeded his power. The circuit court properly vacated the awards." However, this rule is limited to wrongful death cases. The *Country Mutual* case does not go beyond dealing with the right to sue within two years under the wrongful death act. This is apparent in the following passage at page 139:

"The Illinois courts consistently have held that the right of action for wrongful death is wholly statutory and that the provision in the statute creating the right that requires the action to be brought within the specified time is a condition attached to the right to sue and is not merely a statute of limitations. *Hartray v. Chicago Rys.* (1919), 290 Ill. 85, 124 N.E. 849. This is unlike a general statute of limitations which may serve as a defense to an action which a defendant may interpose or waive as he sees fit, but it is a condition of the statute of any right to liability whatsoever."

In *Hartford Accident and Indemnity Co. v. Holada*, 127 Ill.App.2d 472, 481, the same principle was reiterated:

"Moreover, in the nature of a true statute of limitations, such as the one for personal injuries involved in this case, a defense based thereon must be affirmatively raised to be successful, and, if not so raised, the insured could still be "legally entitled" even though his lawsuit were filed after the running of the statute."

Furthermore, as set forth above, there was evidence that plaintiff had demanded arbitration as early as May 1967, and less than a month after the accident.

■■ We therefore find that the order compelling arbitration was proper even though no suit for personal injuries had been brought by plaintiff against the uninsured motorist within the statute of limitations for personal injuries.

The order compelling arbitration is affirmed.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.