RUTH BOCEK, AS ADMINISTRATRIX OF THE ESTATE OF AUBREY COOPER *v.* THE INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, MOTOR CLUB SERVICE CORPORATION AND THE CHICAGO MOTOR CLUB

[No. 3-1275A294. Filed December 7, 1977.]

*Saul I. Ruman*, of Hammond, for appellant.

*Daniel F. Kelley, Timothy F. Kelly, Beckman, Kelly and Smith*, of counsel, of Hammond, for appellee.

HOFFMAN, J.—This is an appeal involving a claim under an uninsured motorist endorsement for wrongful death filed by Ruth Bocek, Administratrix of the estate of Aubrey Cooper, against the Inter-Insurance Exchange of The Chicago Motor Club, Motor Club Service Corporation and the Chicago Motor Club. The issue presented concerns whether uninsured motorist coverage is available to one filing a claim more than two years after the wrongful death of the insured.

On August 23, 1970, the decedent was leaning into the engine compartment of a stranded automobile on Interstate 80 near Hammond, Indiana, when a hit-and-run driver struck the vehicle killing him. Thereafter the appellees insurance companies were notified of the accident and on September 1, 1970, a statement was taken from the widow by appellees' claims agent. Payments

were made pursuant to the medical portion of the policy. At a subsequent time however Cooper's widow was denied arbitration concerning the uninsured motorist provisions on grounds that her claim was not timely filed. The trial court upon considering the pleadings entered judgment for the appellees insurance companies stating: "Motion for Summary Judgment filed by Defendant is granted for the reason that more than two years had passed since the death of Aubrey Cooper at the time of the filing of the complaint herein, and no right of action existed in the plaintiff."

On appeal Bocek argues that her action against the insurer pursuant to the policy for uninsured motorist protection was timely filed. Her claim is said to have involved an attempt to secure the benefits contracted for under the policy, much as if she were making a claim for double indemnity coverage on accident insurance. Therefore it is argued that if a time limitation were to apply to this cause of action it should be the ten-year statute of limitations for contracts instead of the two-year statute of limitations for torts.[1] Bocek relies on numerous cases in which the courts of other jurisdictions have used the contract statute of limitations for claims under uninsured motorist endorsements rather than the shorter tort statutes as often urged by insurance carriers. *See: Turlay v. Farmers Insurance Exchange* (1971), 259 Ore. 612, 488 P.2d 406; *Sahloff v. Western Casualty & Surety Company* (1969), 45 Wisc. 2d 60, 171 N.W.2d 914; *Booth v. Fireman's Fund*

---

1. IC 1971, 34-1-2-2 (Burns Code Ed.), provides for the limitation of time within which certain actions may be brought stating in pertinent part:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

"First. For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two [2] years: Provided, That actions on account of injuries to personal property which occurred prior to the effective date of this amendatory act [March 7, 1951] shall be commenced within two [2] years from the effective date of this amendatory act.

* * * * *

"Fifth. Upon promissory notes, bills of exchange and other written contracts for the payment of money hereafter executed, within ten [10] years: Provided, That all such contracts as have been heretofore executed may be enforced under this act, within such time only as they have to run, before being barred under the existing law limiting the commencement of actions, and not afterward."

*Insurance Company* (1968), 253 La. 521, 218 So.2d 580; *Schleif v. Hardware Dealer's Mutual Fire Ins. Co.* (1966), 218 Tenn. 489, 404 S.W.2d 490.

The insurance companies, in response, assert that appellant's complaint, unlike those in the cases she relies upon, was based on the wrongful death statute and therefore that her right to recover would be foreclosed if not brought within the two years specified therein. Since the creation of a two-year statutory right to recover for wrongful death is in derogation of the common law its time limitation is said to encompass the existence of the actual right rather than just a limitation upon the remedy. The insurance company relying on the case of *Country Mutual Ins. Co. v. National Bank of Decatur* (1969), 109 Ill. App. 2d 133, 248 N.E.2d 299, therefore frames the issue to avoid the longer contract statute of limitations by distinguishing between a right to sue under the wrongful death statute and a common-law complaint for damages based on personal injuries.

Drawn into question is whether the phrase "legally entitled to recover" as used in the uninsured motorist statute contemplates adherence to the specific right and remedy provided for by the wrongful death statute when the damages claimed stem from the insured's death. Indiana requires by IC 1971, 27-7-5-1 (Burns Code Ed.), that when a policy for automobile liability insurance is delivered with respect to a motor vehicle registered or principally garaged in this State it must also provide coverage for "persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death * * * ." While the named insured has the right to reject such coverage it is clear that if he does not do so he is supposed to have the same financial remedy as if the uninsured motorist were insured. *Patton v. Safeco Ins. Co.* (1971), 148 Ind. App. 548, 267 N.E.2d 859. Thus in the normal adjustment of claims under a provision pursuant to this statute it is anticipated a settlement will be reached by negotiation and failing that by arbitration. If the insurer refuses to arbitrate on demand, it breaches its contract giving the policy holder a cause of action. It is in this context that the action

brought by Bocek against the insurance companies is contractual, since the duty of the insurer to pay damages arises solely out of its contract with its insured and not by reason of any special relationship between the insurer and the uninsured motorist. *Amer. States Ins. Co. v. Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295 (transfer denied).

For similar reasons other jurisdictions have likewise considered that an action on the uninsured motorist endorsement lies in contract. *Amer. States Ins. Co. v. Williams, supra; McMahon v. Coronet Insurance Company* (1972), 6 Ill. App. 3d 704, 286 N.E.2d 631; *Turlay v. Farmers Insurance Exchange, supra. See*: A. Widiss, *A Guide to Uninsured Motorist Coverage,* § 2.23, at 48 (1969); Annot. 28 A.L.R. 3d 580 (1969). On this basis they have also applied the statute of limitations applicable to contracts particularly where the uninsured motorist is a hit-and-run driver. Consideration for this rationale has been based on the fact that the hit-and-run driver is inaccessible and therefore redress can only be had from the insurer and further that subrogation rights are not prejudiced by failure to bring early suit.

However these factors cannot be isolated to avoid the contingent characteristics of the coverage. IC 1971, 27-7-5-1, *supra,* does not create a new right in the plaintiff to sue an uninsured motorist; it merely provides a new procedure whereby such plaintiff may recover his loss against his own insurer. *Ind. Ins. Co. v. Noble* (1970), 148 Ind. App. 297, 265 N.E.2d 419 (transfer denied). Thus any action on the contract is inescapably tied to the legal liability of the uninsured motorist. Without this liability, recovery is barred since the right to recover contemplated by the statute stems from the right of action against a tortfeasor. *Vernon Fire and Casualty Ins. Co. v. Matney* (1976), 170 Ind. App. 45, 351 N.E.2d 60.

In the case at bar the derivative cause of action is provided for in the wrongful death statute. IC 1971, 34-1-1-2 (Burns Code Ed.), states in pertinent part:

> "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former

may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two [2] years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. * * * ."

This statutory creation of the right to sue in cases involving a wrongful death is intended to provide for the financial loss suffered by the widow, children or next of kin because of the death of the person involved. *New York Central R.R. Co. v. Clark, Extr.* (1964), 136 Ind. App. 57, 197 N.E.2d 646. It was specifically enacted to overcome the result occasioned by adherence to the old English case of *Baker v. Bolton* (1808), 1 Camp. 493, 170 Eng. Rep. 1033, in which the death of a human being was not considered a compensable injury. *See, Pickens v. Pickens* (1970), 255 Ind. 119, 263 N.E.2d 151. The statute therefore is not a remedy for the victim. As stated in *The Jeffersonville Railroad Company v. Swayne's Administrator* (1866), 26 Ind. 477, at 484:

"The right of action referred to against the appellant, for causing the death of *Swayne*, did not exist at common law, but is based upon section 784, of the code, which provides that, 'When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $5,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.'" *Wilson v. Jackson Hill Coal, etc. Co.* (1911), 48 Ind. App. 150, 154-55, 95 N.E. 589.

Furthermore since the right is statutory, that portion which requires that the cause should be brought within two years is considered a condition attached to the right to sue and is not merely

a statute of limitation. *Hanna, Administrator v. The Jefferson Railroad Company* (1869), 32 Ind. 113. *See generally, Kuzma, Admrx. v. Peoples Trust & Sav. Bank* (1961), 132 Ind. App. 176, 176 N.E.2d 134. As such it cannot be construed as a defense to an action which a defendant may interpose or waive, but it is a condition of the statute imposing liability. *See, Witkowski v. Covenant Security Insurance Co.* (1971), 1 Ill. App. 3d 1074, 275 N.E.2d 709. As stated in 22 Am. Jur. 2d § 35, at 633:

> "One court, in speaking of the wrongful death statute, has said that a statute that in itself creates a new liability and gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced is not a statute of limitations, but a statute of creation. The statute, in fixing the time for commencement of the action, sets up an indispensable condition of the liability of the action that it permits. The statute constitutes an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement within the specified time, the action and the right of action no longer exist. * * * ." (Footnote omitted.)

Thus while appellant correctly points out that liability in the case at bar arises by virtue of the contract with the insurer, she fails to successfully grapple with the derivative problem that such still relies on the requirement that the one so insured be "legally entitled to recover damages" pursuant to IC 1971, 27-7-5-1, *supra, viz.*, that in the case at bar, Bocek be able to avail herself of the wrongful death statute. *Crenshaw v. Great Central Ins. Co.* (1975), Mo. App., 527 S.W.2d 1; *Brown v. Lumberman's Mutual Casualty Company* (1974), 285 N.C. 313, 204 S.E.2d 829. *See*, 48 Calif. L. Rev. 516, 531 (1966).

Appellant merely argues that the phrase "legally entitled to recover" means no more than that a plaintiff must be able to show negligence on the part of the uninsured motorist and a lack thereof in his own person. She further focuses on the anomalous result which may be occasioned by allowing a tort claim with a contract limitation under the uninsured motorist endorsement while denying the wrongful death action. For support Bocek relies on cases from other jurisdictions which concern themselves

with the defense of a statute of limitation on a tort action for personal injuries. *See: Detroit Automobile Inter-Ins. Exch. v. Hafendorfer* (1972), 38 Mich. App. 709, 197 N.W.2d 155; *Sahloff v. Western Casualty & Surety Company, supra,* (1969), 45 Wisc. 2d 60, 171 N.W.2d 914; *Schulz v. Allstate Insurance Company* (1968), 17 Ohio Misc. 83, 244 N.E.2d 546; *But see: Country Mutual Ins. Co. v. National Bank of Decatur, supra,* (1969), 109 Ill.App. 2d 133, 248 N.E.2d 299; *Sabol v. Pekoc* (1947), 148 Ohio St. 545, 76 N.E.2d 84.

However, it must be remembered that the purpose behind uninsured motorist coverage and the statutes which require the same is to afford the same protection to a person injured by the uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance. Thus payment of sums for which the insured shall be "legally entitled to recover as damages" legitimately limits a potential cause of action to that which would be recoverable against an offending motorist had that motorist maintained a liability policy. *See, Sykes v. Fireman's Fund Insurance Company* (S.D. Fla. 1967), 269 F. Supp. 229. In short, in the case at bar legally entitled to recover involves more than a mere showing of fault but includes the right to recover for death on an uninsured motorist endorsement pursuant to meeting the condition of the wrongful death statute. *Brown v. Lumbermen's Mutual Casualty Company, supra. See, Country Mutual Ins. Co. v. National Bank of Decatur, supra; Markham v. State Farm Mutual Automobile Ins. Co.* (10th Cir. 1972), 464 F.2d 703. When a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements such as with uninsured motorist coverage the parties are presumed to have entered into their agreement with reference to the statute. *See, Ind. Ins. Co. v. Noble, supra,* (1970), 148 Ind. App. 297, 265 N.E.2d 419 (transfer denied). Appellant's right to recover against the deceased's insurer under the uninsured motorist endorsement is derivative and conditional. Unless she is "legally entitled to recover damages" for the wrongful death of Cooper from the uninsured motorist, the contract upon which she sues precludes her from recovery against the

appellees. *Crenshaw v. Great Central Ins. Co., supra; Brown v. Lumberman's Mutual Casualty Company, supra.*

Any hardship occasioned by such a result is no greater than it would be for any person failing to bring his wrongful death action pursuant to the statute. Moreover if Bocek were allowed to sue under the ten-year limitation for contracts she would in effect be given a greater right than would have been available to her were the tortfeasor covered by ordinary liability insurance. *Sykes v. Fireman's Fund Insurance Company, supra.* Together IC 1971, 27-7-5-1, *supra,* and IC 1971, 34-1-1-2, *supra,* preclude such a result.

Appellant filed her complaint on February 14, 1974. More than three years had passed since the accident occurred in which Aubrey Cooper died. The statute allowing for recovery for wrongful death had expired within that time period. Since appellant's legal right to recover was based thereon it is clear that her cause of action expired with it. Accordingly the trial court properly found that no factual controversy existed between the parties and correctly applied the law to those facts. The summary judgment is affirmed. *Blankenbaker v. Great Central Life Ins. Co.* (1972), 151 Ind. App. 693, 281 N.E.2d 496 (transfer denied).

Judgment affirmed.

Garrard, J. concurs.

Lowdermilk, J., participating by designation, concurs.

NOTE — Reported at 369 N.E.2d 1093.