MOTORISTS MUTUAL INS. CO., APPELLANT, *v.* TOMANSKI
ET AL., APPELLEES.

(No. 6604—Decided March 25, 1970.)

*Messrs. Robison, Curphey & O'Connell* and *Mr. Daniel M. Phillips,* for appellant.

*Mr. Manuel H. Ganch* and *Mr. David R. Goldberg,* for appellees.

STRAUB, J. This appeal arises out of an automobile accident involving three automobiles. The details and facts of the accident are not necessary or essential to a determination of this review. This cause is a declaratory judgment action filed by Motorists Mutual naming as codefendants Walter Tomanski and three minor children, Mark, John and Linda Cisek.

In the petition for declaratory judgment Motorists Mutual sets forth the following pertinent allegations: That on November 30, 1966, the date of the accident, Tomanski had a policy of liability insurance issued by Motorists Mutual, which policy provided uninsured motorist coverage for himself and the passengers in his insured automobile and that, at that time, Tomanski and the Cisek children were insureds under the policy; that as a result of an accident on November 30, 1966, Tomanski and the Cisek children all claim injuries as the direct and proximate result of the concurrent negligence of Lois Malone and Susan Jones, the operators of the other two automobiles involved in the collision; that Tomanski has filed suit against Malone and Jones jointly, alleging that their concurrent negligence proximately caused the injuries and damages; that Tomanski and the Cisek children have filed demands for arbitration against Motorists Mutual; that Tomanski and the Cisek children claim that Lois Malone, one of the motorists in the accident, was uninsured; that the other motorist in the accident, Susan Jones, was insured; and that the provision of Tomanski's policy, under which the demands for arbitration were made, is as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured auto-

mobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured or such representative and the company or if they fail to agree, by arbitration.''

In the petition for declaratory judgment Motorists Mutual alleges that, since Susan Jones is an insured motorist from whom Tomanski and the Cisek children claim they are legally entitled to recover, Tomanski and the Cisek children are not entitled to recover under the uninsured motorist provision of Tomanski's policy with Motorists Mutual. The prayer of the petition is that the court decree that the defendants, Tomanski and the Cisek children, do not have a claim against an uninsured motorist, which entitles them to arbitration with Motorists Mutual *at this time*. Attached to the petition for declaratory judgment as an exhibit is a copy of the petition filed in the case of *Tomanski* v. *Malone and Jones*. Also attached to the petition as exhibits are copies of the demands for arbitration filed by Tomanski and the three Cisek children.

To this petition for declaratory judgment filed by Motorists Mutual, the codefendants, Tomanski and the Cisek children, filed a demurrer on the grounds that the petition does not state facts on which a cause of action can be based and that the petition does not set forth a justiciable controversy.

The trial court sustained the demurrer on the ground that the petition failed to state a cause of action against the defendants and dismissed the petition. The plaintiff, Motorists Mutual, perfected this appeal from that judgment.

Section 3937.18, Revised Code, known as the uninsured motorist statute, was enacted by the Legislature and became effective in Ohio September 15, 1965, and is as follows:

''No automobile liability or motor vehicle liability

policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the Superintendent of Insurance, for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

That section seeks to compel the acceptance of uninsured motorist coverage in all automobile liability policies issued by insurance carriers. At the time of the accident, the limits of coverage specified for uninsured motorist protection were as set forth in Section 4509.20, Revised Code, and were not less than $10,000 for one person in one accident and not less than $20,000 for two or more persons in one accident.*

For purposes of this appeal it is the contention of Motorists Mutual that since there are two joint tortfeasors, one of whom is insured and is jointly and severally liable with the uninsured tortfeasor, Tomanski and the Cisek children have no claim *at this time,* which entitles them to arbitration.

The phrase "at this time" is very significant and

---

*Section 4509.20, Revised Code, has been amended, and, effective January 1, 1970, the limits of coverage for uninsured motorist protection were increased to not less than $12,500 for one person in one accident and not less than $25,000 for two or more persons in one accident.

meaningful in the determination of this appeal. The petition prays that the court decree that the defendants have no claim that entitles them to arbitration *at this time*. By sustaining the demurrer, the trial court made a finding to the effect that Tomanski and the Cisek children do have a claim against an uninsured motorist that entitles them to arbitration with Motorists Mutual *at this time*. It is conceded by Motorists Mutual that, to the facts well pleaded in the petition, Tomanski and the Cisek children could, *in the future,* have a claim which would entitle them to arbitration. The following is quoted from the reply brief of Motorists Mutual filed in this appeal:

"At no time has the plaintiff in this case asked this court or any other court to preclude the defendant's right to proceed against this plaintiff-insurer in the event that

"(1) Susan L. Jones is found not liable for this accident, or

"(2) In the event that her insurer should be unable to pay, or

"(3) In the event it should have some policy defense which would in effect make Susan L. Jones uninsured for the purposes of this action.

"The prayer of the original petition simply asked the court to declare that the defendants do not have a claim against an uninsured motorist which entitles them to arbitration at this time. We do not wish to preclude the right of the defendants to proceed at a later time in the event Susan L. Jones is found not liable."

Counsel for the defendant, Tomanski and the Cisek children, argue that they have a claim against two joint tortfeasors and they have the right under the law of Ohio to proceed against either one or both, and that the fact that Susan Jones is insured does not preclude them from proceeding at this time by arbitration against Motorists Mutual on their claim against the uninsured motorist, Lois Malone. Counsel for Tomanski and the Cisek children argue further that the legislative intent in the enactment of Section 3937.18, Revised Code, was to provide, for the benefit of injured parties, the advantages of insurance on behalf of any and all persons who might cause or contribute to cause injuries by way of automobile accidents.

It, therefore, becomes necessary to determine what the Legislature intended when Section 3937.18, Revised Code, was enacted making it mandatory to offer uninsured motorist coverage in every automobile liability insurance policy. The Ohio statute is worded and phrased exactly as the 1963 standard family automobile liability insurance policy and which has been adopted in practically all the other jurisdictions. However, there are no Ohio authorities pertinent to the issue involved in this appellate review.

To determine the legislative intent in the enacting of the uninsured-motorist-coverage statute in Ohio, it becomes essential to consider the factors and reasons which motivated automobile liability insurance carriers to offer their insureds the benefits of uninsured motorist coverage.

A very recent, informative, and comprehensive article, under the title "Uninsured Motorist Coverage," appears in 34 Missouri Law Review. From the first paragraph, under the heading " I. Introduction," on page 1 the following is quoted:

"The ever increasing number of motor vehicle accidents on the nation's highways has made compensation of innocent victims of automobile accidents a significant social problem. Where the tort-feasor is solvent or adequately insured the innocent victim has recourse for his injury; but where the tort-feasor is uninsured and financially irresponsible, the innocent traffic accident victim too often is left without compensation. A large step toward the solution of this problem was offered by the casualty insurance industry in December of 1956 in the form of uninsured motorist coverage. It permits the insured to obtain financial protection under *his own* automobile policy against the risk of being injured or killed in an automobile accident with an uninsured motorist."

The following appears on page 2:

"* * * Uninsured motorist coverage was created to remedy these deficiencies in the financial responsibility laws, compulsory insurance laws, and other legislation. The effectiveness and desirability of uninsured motorist coverage is indicated by the fact that presently forty-six states,

including Missouri, have enacted some form of mandatory uninsured motorist insurance law.''

Under the heading ''II. UNINSURED MOTORIST STATUTES,'' the following appears on page 3:

''The uninsured motorist statutes seek to compel the acceptance of uninsured motorist coverage on motor vehicles registered or principally garaged in the state. One announced purpose of these statutes is to minimize losses to the people of the state who are involved in accidents with uninsured or financially irresponsible motorists. Another purpose is to provide protection against the risk of inadequate compensation by placing the injured policyholder in the same position as if the tort-feasor had carried automobile liability coverage with the minimum limits prescribed by the state financial responsibility law. * * *''

On page 4, under the heading ''III. OPERATION OF THE COVERAGE,'' the following appears under subheading A. *Protection for the Insured, Not the Uninsured*:

''It is important to recognize that uninsured motorist coverage is not intended to provide liability insurance for the uninsured motorist. The insured is protected by the coverage against the risk of inadequate compensation, but the uninsured motorist is not insured against liability. The protection of the uninsured motorist coverage is restricted only to those persons falling within the policy definition of 'insured.' * * *''

(The footnote to that rule cites the following authorities: *Horne* v. *Superior Life Insurance Co.*, 203 Va. 282, 123 S. E. 2d 401; *Hobbs* v. *Buckeye Union Cas. Co.*, 212 F. Supp. 349.) There being no conflicting authorities on that rule, we hold that in Ohio an insurer, under its uninsured motorist coverage, does not become the insurer for the uninsured motorist, and that, therefore, the obligation of the insurer to its insured thereunder does not arise out of tort. The obligation of the insurer to its insured on uninsured motorist coverage is a contractual liability which arises only upon the contingency of an uninsured-motorist tort liability.

In our present case we have the contingency of an uninsured-motorist tort liability but we also have the con-

tingency of an insured-motorist tort liability. The query then is presented: Does the contractual obligation of the insurer to its insured arise immediately and primarily, even though there is other insurance available to the insured under the liability policy of the insured tortfeasor?

It was held in the case of *Southern* v. *Lumbermens' Mutual Cas. Co.*, 236 F. Supp. 370, that where two joint tortfeasors are involved—one insured and one uninsured —the primary liability to the insured plaintiff is from the insurance carrier for the insured tortfeasor. The following is from the last paragraph in the opinion of the case as follows:

"The *primary coverage* for Mrs. Southern was from the insurers of the tort feasors, Lumbermens, which insured the Criggers for any liability they incurred, and from any insurer (there was none) who might have covered Ray Dalton, in whose car Mrs. Southern was riding when injured. * * * *Since Lumbermens liability as primary insurer* was within its policy limits of $50,000 for a single injured person, the $25,000 judgment paid by Lumbermens to Mrs. Southern was enough to satisfy the claim. There are no grounds for contribution from Harleysville to Lumbermens or to Mrs. Southern through whom Lumbermens attempts to assert its claim. The motion for summary judgment against Harleysville is denied." (Emphasis ours.)

Applying the rule in *Southern, supra,* to our present case, the primary coverage from which Tomanski and the Cisek children could recover would be against the two joint tortfeasors, the uninsured, Malone, and the insured, Jones. Therefore, the liability insurance carrier for the insured, Jones, would be primarily liable in the event negligence on the part of Jones was a proximate or contributing cause of the damages to Tomanski and the Cisek children.

The same rule is stated in *Hobbs* v. *Buckeye Union Cas. Co.*, 212 F. Supp. 349, at page 351, as follows:

" * * * But Virginia's uninsured motorist law does *not* create insurance for uninsured motorists! * * * It is primarily concerned with providing adequate compensation for injured insureds *when other sources are lacking.* * * *" (Emphasis ours in part.)

The only authority involving a fact situation similar to our present case is *Fouquier* v. *Travelers Ins. Co.* (La App.) 204 S. 2d 400. This case involved a three-automobile accident. The plaintiff, Fouquier, was operating her automobile which was struck in the rear by an automobile owned by Martin, following which the automobile of Wilson struck the Martin car in the rear and drove it, again, into the Fouquier car. Fouquier and her daughter were both injured. The Martin automobile was insured by Travelers Insurance Company. Wilson was an uninsured motorist. Fouquier had a liability policy including uninsured motorist coverage with State Farm Mutual. Under the direct action law in Louisiana, the plaintiff, Fouquier, and her daughter, brought suit jointly against the insurer of the Martin car, Travelers, the uninsured motorist, Wilson, and also against her own insurer, State Farm, on her uninsured motorist coverage. The trial court rendered judgment in the amount of $1,000 each for Fouquier and her daughter against all three defendants *in solido* (synonymous with the term "jointly" under Ohio law). State Farm appealed.

The opinion of the Louisiana Court of Appeals is dispositive of our present issue, and we quote at length from the opinion by Judge Ellis, at page 403:

"Although the liability of State Farm depends upon the liability of the uninsured motorist, it is not liable in tort. Its liability to plaintiffs is based on the contract of insurance, which is designed for the protection of the insured and not of the uninsured motorist. The primary purpose of this coverage is to give additional protection to insured persons who are damaged as the result of an accident with an uninsured motorist. * * * The liability of State Farm being purely contractual, there is no basis under Article 2324 for holding it solidarily liable with Travelers and Wilson.

"* * *

"The uninsured motorist protection was designed to give additional protection to a plaintiff who has recourse *only* against an uninsured motorist for damages suffered by him in an accident. In this case, Travelers Insurance Company is liable *in solido* with Wilson, and consequently also liable for the full amount of the claim.

Plaintiffs herein are as fully protected as they would be were Wilson insured.

"We are of the opinion that when an uninsured motorist is solidarily liable with an insured motorist, and the insurance in effect is valid, enforceable and sufficient to cover the judgment realized by the plaintiff, there is no necessity for bringing into play the provisions of the uninsured motorist provisions in the policy.

"However, to guard against the unlikely event that the insurance company should be unable to pay the judgment against it, we feel that the rights of plaintiff should be reserved against the uninsured motorist carrier.

"The judgment appealed from is amended so as to give plaintiff judgment against Travelers and Wilson *in solido,* and reserving to plaintiffs all their rights against State Farm under the uninsured motorist clause in their policy should the judgment be unenforceable against Travelers, with all costs of this appeal to be paid by the plaintiffs."

We hold, therefore, that the legislative intent in the enacting of the uninsured motorist statute in Ohio was precisely expressed in the above-cited authorities; that, therefore, the primary liability to Tomanski and the Cisek children is from the joint tortfeasors, Malone and Jones; that there is other primary insurance available under the policy of the insured, Jones, from which they might recover; and that Tomanski and the Cisek children have no claim at this time against Motorists Mutual.

However, should it develop that the insured tortfeasor, Jones, is not liable for the accident, or if the Jones insurance becomes unavailable, then the rights of Tomanski and the Cisek children to demand arbitration with Motorists Mutual in the future should be safeguarded.

The trial court was in error in sustaining the demurrer, and such judgment is reversed, at costs of defendants, and the cause is remanded to the Court of Common Pleas of Lucas County with directions to overrule the demurrer and for such other proceedings at law as are consistent with this opinion.

*Judgment reversed.*

Brown, P. J., and Potter, J., concur.