Dorothy Faye **MARKHAM**, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Insurance Corporation, Defendant.**

**Civ. No. 69–545.**

United States District Court,
W. D. Oklahoma.
March 22, 1971.

40

B. J. Cooper, of Rinehart, Cooper & Stewart, Oklahoma City, Okl., for plaintiff.

George F. Short, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendant.

## OPINION

BOHANON, District Judge.

This diversity action was brought by plaintiff in the State District Court against the defendant in a single action asserting three separate claims upon three identical insurance policies praying for judgment against the defendant for $5,000 upon each of the three policies. The action was timely removed to this Court by the defendant. Plaintiff filed an appropriate Motion to Remand asserting this Court's lack of jurisdiction relying upon the proposition that the claims in question cannot be joined to attain Federal jurisdiction.

■ Plaintiff's three separate claims against the defendant total $15,000. Rule 18(a) Federal Rules of Civil Procedure provides in substance that a party asserting a claim for relief may join as many claims as he has against an opposing party. The claims in question are properly joined and meet the jurisdictional requirements of the United States District Courts; 28 U.S.C.A. § 1332.

■ In a diversity action where a single plaintiff has multiple claims against a single defendant, and the claims are of such a character that they may be properly joined in one suit, the aggregate amount thereof is, for the purpose of Federal jurisdiction, the amount in controversy. Alberty v. Western Surety Company, 249 F.2d 537 (10 CA 1957); Kimel v. Missouri State Life Insurance Company, 71 F.2d 921 (10 CA).

The parties waived a jury and a trial was had to the Court on the 3rd day of March, 1971.

## THE FACTS

John F. Markham is the named insured in three separate liability insurance policies issued to him by the defendant, State Farm Mutual Automobile Insurance Company, and each policy was in full force and effect at the time of the claimed injuries received by the plaintiff.

Defendant's Policies Nos. 940–970–A15–36, 938–499–F25–36, and 680–460–A30–36A issued to John F. Markham provide for a separate membership charge, separate coverages and separate premiums; the separate policies and separate charges were made at the instance, request and demand of the defendant.

John F. Markham, his wife Dorothy Faye Markham and their daughter Anna Mae Markham were all members of the same household and were insureds.

Anna Mae Markham was an unemancipated minor, daughter of John F. and Dorothy Faye Markham, and was not an insured under any other policies of insurance at the time of the accident in question here.

On June 13, 1969, while Anna Mae Markham was operating one of the insured automobiles, with her mother Dorothy Fay Markham as a passenger, she negligently and carelessly propelled the same into an electric or telephone utility pole proximately causing serious and severe injuries to her mother Dorothy Faye Markham, who was not herself in anywise negligent.

Plaintiff made demand for arbitration as provided in the policies of insurance which demand was rejected by the defendant, State Farm Mutual Automobile Insurance Company.

As a proximate result of said negligent operation of the automobile, Dorothy Faye Markham has suffered serious disability, disfigurement and great pain and suffering in the past, and such pain and suffering and physical disability will continue in the future, all to her damage in excess of $15,000.00, the amount sued for, not taking into consideration hospital bills, doctors' bills and dentist services, totaling $2,173.20, for which no claim is here made.

The defendant asserts by way of Motion for Judgment under Rule 56 of the Federal Rules of Civil Procedure that because plaintiff's injuries were caused by plaintiff's unemancipated daughter and since under Oklahoma Law a parent is not legally entitled to recover damages

in tort committed by an unemancipated minor, it follows plaintiff is not "legally entitled to recover" within the meaning of the insurance contracts, and defendant is entitled to judgment. It is true in Oklahoma as stated in Hampton v. Clendinning, 416 P.2d 617 (Okl.) that:

"In this State a parent has no right of action against an unemancipated minor child to recover damages for personal injuries allegedly received as the result of such minor's negligence committed in the course of the family relation."

■ The parent-child immunity doctrine is no defense to plaintiff's action to recover under the policies of insurance, because here the right to recovery rests upon contract, not upon the identity of the tort-feasor, and the defense, if available at all, would be personal to Anna Mae Markham, the tort-feasor, and not to the defendant here. The precise question has not been ruled on in Oklahoma in an action under an uninsured motorist insurance policy against the insurance carrier. For a discussion of an analogous situation, see annotation at 1 A.L.R.2d 677. At pages 702 and 703 of the annotation it is cited as holding the employer liable in a situation where the father and employee was negligent causing injury to his child, and the defense of the master claiming the parent-child immunity had no application. See also Patsy Oil & Gas Co. v. Odom, 186 Okl. 116, 96 P.2d 302 where a child was injured due to the negligence of his parent and holding the parent's employer liable for the negligence of the employee (parent) even though the employee was in the position of a parent and could have relied upon the personal immunity doctrine in an action brought against him. The parent-child tort immunity doctrine is a personal defense of the parent or the child and is not available to others. Rouley v. State Farm Mutual Automobile Insurance Company (D.C.La.) 235 F.Supp. 786 (1964); Smith v. Southern Farm Bureau Cas. Insurance Company, 164 So.2d 647 (La.App.1964).

Defendant concedes that plaintiff is an insured under the coverage in question but contends that she is not "legally entitled to recover" damages for tort against her daughter; therefore, no liability exists under the policies against it.

This position assumes this to be a tort action, which it is not—but one on a specific contract. All the plaintiff need prove in this case is negligence of the uninsured motorist and resulting damages. Motorist Mutual Ins. Co. v. Tomanski, 21 Ohio App.2d 271, 257 N.E.2d 399 at pp. 403, 404, 405; Booth v. Fireman's Fund Ins. Co. (La.App.1967) 197 So.2d 352; Horne v. Superior Life Ins. Co. (1962) 203 Va. 282, 123 S.E.2d 401; the defense of statute of limitations is personal to the tort-feasor and not available to automobile insurer. Schulz v. Allstate Ins. Co. (1968) 17 Ohio Misc. 83, 244 N.E.2d 546; there is no basis in the endorsement (uninsured motorist) that coverage be restricted to those situations in which insurer can stand in the shoes of the uninsured motorist. The claim against defendant on the endorsement should be and is treated differently than the cause of action the insured has against the uninsured motorist. See lengthy discussion in Sahloff v. Western Casualty & Surety Co. (1969) 45 Wis.2d 60, 171 N.W.2d 914.

Plaintiff bases her claims under the policies of insurance under "Coverage U —Damages for Bodily Injury Caused by Uninsured Automobiles." The problem arises from the provisions of the insurance policies and the Oklahoma Statute with respect to uninsured motorists, and the exclusions and definitions contained in the policies. The Oklahoma Uninsured Motorist Statute, 36 O.S.1968 Supp., § 3636, in pertinent part provides:

"(A) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this

State with respect to a motor vehicle registered or principally garaged in this State unless the policy includes the coverage described in subsection (B) of this section.

(B) The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to· recover damages from owners or operators of uninsured motor vehicles \* \* \* because of bodily injury, \* \* \* including death resulting therefrom. Coverage shall not be less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of 47 O.S.1961, § 204, as the same may be hereafter amended; provided, however, that larger amounts of liability may be offered and purchased if desired."

47 O.S.1961, § 204, referred to in the Statute above should read 47 O.S.1961, § 7-204, and in pertinent part provides:

"No policy \* \* \* shall be effective \* \* \* unless such policy \* \* \* is subject, if the accident has resulted in bodily injury \* \* \* to a limit, exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to \* \* \* one person in any one accident \* \* \*."

■ So any policy issued by an insurance company in Oklahoma must provide a minimum of $5,000.00 for bodily injury coverage under the Uninsured Motorist Statute. It is the rule in Oklahoma, as in other jurisdictions, that policies of insurance are subject to the provisions of the statute of the State authorizing their issuance, and such statutes should be given the same force and effect as if they were written into the policy. Great Southern Life Ins. Co. v. Jones (10 Cir.) 35 F.2d 122; All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424; Bankers Security Life Ins. Co. v. Killingsworth (Okl.) 284 P.2d 734.

Considering the language of the statutes of Oklahoma and turning to the provisions of the insurance policies in question, they provide under the Uninsured Motorist Coverage:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; \* \* \*"

An uninsured automobile is defined in the policy as:

"(1) a land motor vehicle with respect to the ownership, maintenance or use of which there is \* \* \* no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder, \* \* \*."

■ It appears to be clear that the intent of the Statute is to protect those who are legally entitled to recover from owners or operators of uninsured vehicles.

■ Under the policy provisions, Anna Mae Markham, the plaintiff's daughter, was an insured motorist against all the world except members of her own family residing in the same household, and she, therefore, was an uninsured motorist, under the uninsured motorist coverage of the policy insofar as the plaintiff is concerned. Coverage A(1) provides:

"(1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, \* \* \*."

In defining the insured, the policy provides the usual standard omnibus clause which includes the named insured and his or her spouse and relatives of the same household.

However, this coverage is limited by exclusions shown on page 4 of the policies which, among other things, provide:

"This insurance does not apply under: (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;"

Under this exclusion it seems clear that the bodily injury suffered by the plaintiff is not covered under the insuring agreement A, and Anna Mae Markham, the daughter, was an uninsured motorist insofar as this plaintiff is concerned. Anna Mae Markham had no insurance in force in her own name; she was a permissive user under the policy because she was a member of the named insured's household, but the insurance coverage excludes injuries to members of the family residing in the same household (Exclusion (i) above) and consequently plaintiff was not protected by any insurance, and the driver was an uninsured motorist as to her.

Insofar as the uninsured motorist provision of the policy is concerned, it provides on page 5 of the policy:

"but the term 'uninsured automobile' shall not include:

(i) an automobile defined herein as an 'insured automobile';

(ii) a land motor vehicle furnished for the regular use of a named insured or any resident of the same household;"

The policy definition of "uninsured automobile" would not include the automobile in question here according to the definitions.

The policy provisions with respect to the primary coverage A and the uninsured motorist coverage, coverage U, are conflicting. As has been noted before, the primary coverage does not apply to bodily injury to the insured or any member of the family of the insured; the uninsured coverage provides for injuries to the insured when injured by an uninsured motorist, and then goes further and excludes, or attempts to exclude the automobile in question here; furthermore, the uninsured motorist provisions of the policy do not conform to the statute authorizing and requiring such insurance. By the policy provisions it can be seen, under coverage A that plaintiff is covered and then excluded, and that under coverage U plaintiff is included and then excluded by the policy definitions.

The attempt by the defendant to exclude the coverage required by the Oklahoma Statute, "protection of persons * * * who are legally entitled to recover damages from owners or operators of uninsured motor vehicles" and to provide in its own policy, "to pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *" is contrary to the Oklahoma Statute, and the policy terms are inconsistent and contradictory.

It needs no citation of authority for the proposition that ambiguous, conflicting or uncertain terms of the policy of insurance shall be construed strictly against the insurer, and provisions of a policy of insurance in conflict or contrary to the Statute authorizing its issuance are invalid. See Geyer v. Reserve Ins. Co., 8 Ariz.App. 464, 447 P.2d 556; Moore v. Hartford Fire Ins. Co., 270 N. C. 532, 155 S.E.2d 128 and Hendricks v. Meritplan Ins. Co., 205 Cal.App.2d 133, 22 Cal.Rptr. 682.

The defendant contends further that if plaintiff is entitled to recover, she is entitled to recover under only one of the policies for $5,000.00 insurance for bodily injuries. It should be noted .

that nowhere in the Oklahoma Statute does it appear that $5,000.00 coverage, being the minimum amount provided, cannot be augmented if the parties so desire. In fact, the Statute authorizes limits in excess of the minimum. The three separate policies of insurance, covering the plaintiff, Dorothy Faye Markham, each providing for $5,000.00 for personal injuries, effectively provides coverage up to $15,000.00. See Safeco Ins. Co. of Amer. v. Robey (8 CA) 399 F.2d 330, and cases cited therein; Moore v. Hartford Fire Ins. Co., supra; Kraft v. Allstate Ins. Co., 6 Ariz.App. 276, 431 P.2d 917; Smith v. Pacific Automobile Ins. Co., 240 Or. 167, 400 P. 2d 512; Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112; LeBlanc v. Allstate Ins. Co. (La. App.) 194 So.2d 791; Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817.

The Oklahoma Supreme Court has not to date had occasion to pass upon the uninsured motorist coverage questions involved in this case, but the Court believes that the reasoning of the cases herein cited is in line with the intended policy of Oklahoma's Uninsured Motorist Statute, and that the Supreme Court will accept this Court's views when the questions are properly presented to it.

Judgment will be entered accordingly.

## JUDGMENT

Based upon the Opinion this day filed in this cause, and consistent with the facts and conclusions of law therein statted, it is

The judgment of the Court that the plaintiff, Dorothy Faye Markham, have and recover of and from the defendant, State Farm Mutual Insurance Company, an insurance corporation, the sum of $15,000.00 together with interest at the rate of ten percent (10%) per annum from this date until paid, and costs of this action.