**Dorothy Faye MARKHAM,**
**Plaintiff-Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Insurance Corporation, Defendant-Appellant.**

**No. 71-1391.**

United States Court of Appeals, Tenth Circuit.

June 30, 1972.

Rehearing Denied July 31, 1972.

B. J. Cooper, Oklahoma City, Okl., (Rinehart, Cooper & Stewart, Oklahoma City, Okl., on the brief), for plaintiff-appellee.

George F. Short, Oklahoma City, Okl. (Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., on the brief), for defendant-appellant.

Before HILL, HOLLOWAY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

State Farm Mutual Automobile Insurance Company issued John Markham three separate liability insurance policies covering each of three vehicles owned by him. While such policies were in effect, John's wife, Dorothy, sustained severe personal injuries in a one-car accident which occurred when she was riding as a passenger in one of the insured vehicles being driven at the time by Anna Markham, age seventeen, an unemancipated daughter of John and Dorothy Markham. The automobile driven by Anna skidded off the roadway and struck a utility pole, injuring Dorothy The fact of Anna's negligence, incidentally, was stipulated to by the parties.

On this sequence of events, Dorothy Markham filed a complaint against State Farm alleging that, under the uninsured motorist provisions of each of the three policies and the Oklahoma statutes relative to uninsured motorists, State Farm was liable to her in the amount of $15,-000, such sum representing $5,000 on each of the three policies. The parties waived trial by jury, and the case was tried to the court on stipulations coupled with certain oral testimony. The trial court found in favor of Dorothy Markham on all issues and entered judgment in her favor in the total amount of $15,-000. 326 F.Supp. 39 (W.D.Okl.1971).

State Farm now appeals, contending, *inter alia,* that judgment should have been entered in its favor because under Oklahoma law Dorothy Markham had no cause of action against her daughter, Anna, and such being the case, under the applicable state statutes relative to uninsured motorists and the provisions of the insurance policies relating thereto, Dorothy Markham could not recover from State Farm because she was not "legally entitled to recover damages" from her daughter, Anna. We agree and reverse the judgment.

We are here concerned with the interpretation and application of the Oklahoma uninsured motorist statute and the uninsured motorist provisions of the insurance policies issued by State Farm. 36 O.S.1971, § 3636, provides as follows:

"Uninsured motorist coverage.—(A) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this State with respect to a motor vehicle registered or principally garaged in this State unless the policy includes the coverage described in subsection (B) of this section.

"(B) The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom * * *." (Emphasis added.)

The applicable provisions concerning uninsured motorist coverage in each of the three policies issued John Markham

by State Farm parallel the above statute and read as follows:

"COVERAGE U—Damages for Bodily Injury Caused by Uninsured Automobiles. To pay all sums which the insured or his legal representative shall be *legally entitled to recover as damages* from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile, provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, *if they fail to agree, by arbitration.*" (Emphasis added.)

It was in this general setting that Dorothy Markham made demand on State Farm to arbitrate and, failing to obtain arbitration of the matter, then brought the present action to recover under each of the three policies issued John Markham by State Farm. It is Dorothy Markham's theory of the case that she is an insured under each of the three policies issued John Markham by State Farm; that because of the so-called "household exclusion" clause appearing in each of the several policies, Anna Markham, though an insured motorist to the rest of the world, was an "uninsured motorist" as concerns her; that under the uninsured motorist coverage provided in each policy she is entitled to recover from State Farm; and that she is entitled to "stack" the coverage by making recovery under each of the three policies.

State Farm defends on the following grounds: (1) That Anna Markham is *not truly an uninsured motorist* under the terms of the policies and the applicable Oklahoma statutes; (2) that under the terms of the policies Dorothy Markham is only entitled to recover from State Farm if she herself be legally entitled to recover damages from her daughter, Anna, and that under Oklahoma law she has no such legal entitlement; and (3) that in any event Dorothy Markham may not "stack" by making a recovery under all three policies.

As indicated, we are of the view that Dorothy Markham is precluded from making any recovery for the reason that she is not herself legally entitled to recover damages from her daughter, Anna Markham, and we elect to resolve this controversy on that basis.

■ Under Oklahoma cases, a parent has no cause of action based upon tort against his or her unemancipated child. It should be emphasized that this is not just a defense, such as a statute of limitations, for example, which may, or may not, be raised when such an action is brought. Rather, the Oklahoma courts have repeatedly held that there is *no cause of action* based on negligence between a parent and his or her unemancipated child. Hill v. Graham, 424 P.2d 35 (Okl.1967); Hampton v. Clendinning, 416 P.2d 617 (Okl.1966); Tucker v. Tucker, 395 P.2d 67 (Okl.1964). And these cases indicate a disinclination on the part of the Oklahoma Supreme Court to depart in anywise from this rule in the absence of a clear legislative mandate to the contrary.

As previously stated, it was State Farm's position in the trial court, as well as here, that since Dorothy Markham had no cause of action against her daughter, Anna, she (Dorothy) was precluded from making any recovery because she was not "legally entitled to recover damages" from the uninsured motorist as required by the terms of both the policy and applicable state statute. The trial court rejected this reasoning and in so doing commented that "[t]he parent-child immunity doctrine is no defense to plaintiff's action to recover under the policies of insurance, because here the right to recovery rests upon contract, not upon the identity of the tort-feasor, and the defense, if available at all, would be personal to Anna Mae Markham, the tort-feasor, and not to the defendant here." The trial court

then went on to hold that the phrase "legally entitled to recover damages" as applied to the facts of the instant case meant only that Dorothy Markham must show negligence on the part of Anna Markham and resulting damages to herself. We disagree and hold that the phrase "legally entitled to recover damages" means "legally entitled to recover damages."

Our attention has not been directed to any Oklahoma case which bears directly on the precise question now before us. However, such cases as Hickey v. Insurance Company of North America, 239 F.Supp. 109 (E.D.Tenn.1965); Noland v. Farmers Insurance Exchange, 413 S.W.2d 530 (Kansas City Court of Appeals 1967); and Country Mutual Insurance Company v. National Bank of Decatur, 109 Ill.App.2d 133, 248 N.E.2d 299 (Appellate Court of Illinois, Fourth District, 1969), shed light on our controversy. The facts in *Hickey* are dissimilar to those in the instant case. However, in that case it was held that no liability exists under an uninsured motorist provision if the person claiming thereunder fails to establish legal liability against the uninsured motorist.

The *Noland* case does involve facts somewhat similar to the instant case. There, the plaintiff sued the defendant insurance company for damages growing out of personal injuries suffered by her while seated in the automobile of the defendant's insured when it was struck in the rear by an uninsured motorist, who was the plaintiff's husband. The rule in Missouri is that neither spouse may maintain a civil suit against the other, during coverture, based on tort occurring during coverture. In *Noland,* the insurance policy provided that the insurer would pay all sums which the owner or operator of the uninsured automobile "would be legally responsible to pay as damages." The argument that the fact that under Missouri law one spouse could not sue the other in tort did not preclude a recovery under the provisions of the policy relating to uninsured motorist coverage because the proceeding was one against an insurance company, and not against a spouse, was rejected with the following comment:

"Under the conditions stated in the insurance contract, as presented in the briefs of the parties, we hold that the terms stated therein, upon which defendant must pay, are not unlawful or ambiguous and that, as in other such clauses of the policy, they are binding upon both plaintiff and defendant; * * * and that, since the driver of the uninsured automobile was plaintiff's husband, he was not legally responsible or liable to pay her any damages. That being so, defendant is not liable in this case."

*Country Mutual* was a wrongful death case, where the personal representative of the deceased, some three years after the deceased died from injuries received in an automobile accident at the hands of an uninsured motorist, started proceedings to recover under the provisions of an insurance policy containing uninsured motorist endorsements previously issued the deceased. The issue was whether the two-year limitation in Illinois for commencing wrongful death actions barred recovery, or, on the contrary, whether the ten-year statute of limitations applicable to contract actions controlled. Resolution of the matter became material since, as here, recovery under the uninsured motorist provisions of the insurance policy depended on whether the personal representative of the deceased was "legally entitled to recover damages" from the uninsured motorist. In holding that recovery under the uninsured motorist coverage was precluded for the reason that as of the time the claim was made against the insurer the personal representative was not "legally entitled to recover damages" from the uninsured motorist, the distinction between a condition to a right to sue and a statute of limitation was emphasized with the following comment:

"The Illinois courts consistently have held that the right of action for

wrongful death is wholly statutory and that the provision in the statute creating the right that requires the action to be brought within the specified time is a condition attached to the right to sue and is not merely a statute of limitations. * * * This is unlike a general statute of limitations which may serve as a defense to an action which a defendant may interpose or waive as he sees fit, but it is a condition of the statute of any right to liability whatsoever."

In its ruling, the trial court recognized that the Oklahoma Supreme Court has not yet had occasion to pass upon the uninsured motorist questions involved in the instant case but opined that the cases it relied on, though from other jurisdictions, would be in line with the intended policy behind Oklahoma's uninsured motorist statute. We disagree and in our view the cases relied on by the trial court are clearly distinguishable from the instant one.

For example, in Sahloff v. Western Casualty & Surety Company, 45 Wis.2d 60, 171 N.W.2d 914 (1969), relied on by the trial court, though it was indeed held that a suit brought on uninsured motorist coverage is governed by a six-year statute of limitations prescribed for contracts rather than by a three-year tort statute of limitations, the Wisconsin Supreme Court in considering the phrase "legally entitled to recover" nonetheless went on to declare that such words mean that "the insured need only have had a cause of action against the uninsured motorist." In other words, in *Sahloff* it was recognized that before one could recover in a suit based on uninsured motorist coverage he must himself have had a cause of action against the uninsured motorist. Hence, the reasoning in *Sahloff* cannot control the present case, where Dorothy Markham *never* had a cause of action against her daughter, the uninsured motorist.

Similarly, the other cases cited by the trial court in support of its ruling are also distinguishable, as each concerns a general statute of limitations. Like *Sahloff*, those cases generally hold that in an action against an insurance company to recover under the uninsured motorist provisions the statute of limitation for contracts applies, not the statute of limitation within which a tort action must be commenced, to the end that an action based on the uninsured motorist provisions of an insurance contract is not barred by the fact that the statute of limitation for bringing a tort action against the uninsured motorist has run. In those cases, it was held that the injured party was "legally entitled to recover damage" from the uninsured motorist, and therefore could make a recovery under the uninsured motorist provisions of the policy, even though in a given case his right to make any recovery directly against the uninsured motorist might be foreclosed by invoking the applicable statute of limitations. In our case, however, under Oklahoma law, Dorothy Markham *never* had a cause of action against her daughter. Such being the case, she was not "legally entitled to recover damages" from her daughter, and accordingly was not entitled to recover under either the uninsured motorist provisions of the insurance policies issued her husband or under the Oklahoma uninsured motorist statute. It is for this reason that we conclude that such cases as Motorist Mutual Insurance Company v. Tomanski, 21 Ohio App.2d 271, 257 N.E.2d 399 (1970); Booth v. Fireman's Fund Insurance Company, 197 So.2d 352 (La.Ct.App.1967); and Schulz v. Allstate Insurance Co., 17 Ohio Misc. 83, 244 N.E.2d 546 (Ohio Ct. of Common Pleas 1968), are inapposite.

■ We believe that our disposition of the controversy squares with the purpose behind uninsured motorist coverage and statutes requiring the inclusion of such in a standard liability insurance policy, which is to afford the same protection to a person injured by an uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance. Chandler v. Government Employees Insurance Company, 342 F.2d 420 (5th Cir. 1965);

Bowsher v. State Farm Fire & Casualty Co., 244 Or. 549, 419 P.2d 606 (1966); 7 Am.Jur.2d, Automobile Insurance § 135. In the instant case, under Oklahoma law Dorothy Markham could not have recovered from her daughter, Anna, regardless of whether Anna herself carried liability insurance.

In view of our disposition of the matter, we need not here concern ourselves with determining whether Anna Markham was truly an uninsured motorist, and whether if Dorothy Markham were otherwise entitled to recover, she could "stack" by making a recovery under each of the three insurance policies.

Judgment reversed and case remanded with direction that the trial court enter judgment for State Farm.

HOLLOWAY, Circuit Judge (dissenting):

I respectfully dissent.

The trial court's opinion treats all the principal issues raised on this appeal. That opinion addresses specifically the issue on which the majority opinion here is based—whether the plaintiff is "legally entitled to recover" within the meaning of the Oklahoma Uninsured Motorists Act and the insurance policies in question in view of the parent-child immunity doctrine under Oklahoma tort law. The trial court reasons that to be legally entitled to recover the plaintiff need prove only negligence of the uninsured motorist and resulting damages,[1] and that the plaintiff's claims are based on contracts and "should be and [are] treated differently than the cause of action the insured has against the uninsured motorist," 326 F.Supp. at 42, citing Sahloff v. Western Casualty & Surety Co., 171 N.W.2d 914 (Wis.).

Therefore, the trial court holds that the parent-child immunity under Oklahoma tort law, if available at all in the contract action, would be personal to the child here, and does not apply in the suit against the insurer on the uninsured motorist endorsement.[2]

In rejecting other contentions of the defendant based on policy exclusions from uninsured motorist coverage, the trial court holds that the exclusions are in conflict with the Oklahoma Uninsured Motorists Act, saying that the policy provisions conflicting with the statute are invalid and that such provisions should be construed against the insurer. It is pointed out that the Oklahoma Supreme Court has not had occasion to pass on the uninsured motorist coverage questions involved, but the court states that it believes that the reasoning of authorities cited are in line with the intended policy of the Oklahoma Uninsured Motorists Act and that the Oklahoma Supreme Court will accept these views when the questions are presented. 326 F.Supp. 44–45.

These are proper circumstances, it seems to me, where we should accept the trial court's interpretation of State law unless it is clearly in error. See Parsons v. Amerada Hess Corp., 422 F.2d 610, 614 (10th Cir.); Douglas-Guardian Warehouse Corp. v. Jones, 405 F.2d 427, 428 (10th Cir.); Sta-Rite Industries, Inc. v. Johnson, 453 F.2d 1192, 1195 (10th Cir.), cert. denied, 406 U.S. 958, 92 S.Ct. 2062, 32 L.Ed.2d 344. To me the trial court's opinion is a reasonable disposition of the undecided questions of State law involved. I feel we cannot say it is clearly erroneous and, despite the persuasive reasoning also presented by the majority opinion, I would affirm.

---

1. See Booth v. Fireman's Fund Insurance Co., 197 So.2d 352, 355 (La.App.), cited by the trial court, which says that proof is needed only of negligence, freedom from contributory negligence and damages, in such actions on uninsured motorist provisions.

2. This case illustrates the tort-contract distinction, being a direct action against the insurer, instead of a liability claim against a tort defendant whose defense is handled by the insurer that is not a party to the suit.