## MGD GRAPHIC SYSTEMS, INC.

### v.

## A & A BINDERY, INC.

### Civ. A. No. 76–3939.

United States District Court,
E. D. Pennsylvania.

July 21, 1977.

Stephen Schachman, Philadelphia, Pa., for plaintiff.

Irwin Paul, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff MGD Graphic Systems, Inc. ("MGD"), filed a complaint against A & A Bindery, INC. ("A & A"), to recover monies allegedly owed to it by reason of A & A's default on two separate contracts and installment notes. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332(a), diversity of citizenship, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

MGD is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois. A & A is a corporation organized and existing under the laws of, and has its principal place of business in, the Commonwealth of Pennsylvania. In Count I of its complaint, MGD avers that on August 4, 1971, MGD entered into a contract by which MGD agreed to sell and A & A agreed to buy certain equipment. Count I further avers that, on the same day, A & A executed an installment note to cover the cost of the equipment in which it agreed to pay to MGD the amount of $29,613.75 in monthly installments. MGD alleges that A & A has defaulted on this installment note and that A & A owes MGD a sum in excess of $6,000, exclusive of interest. In Count II of the complaint, MGD avers that on March 5, 1974, MGD and A & A entered into a contract by which MGD agreed to sell and A & A agreed to buy certain equipment. Count II further avers that, on the same day, A & A executed an installment note to cover the cost of the equipment in which it agreed to pay to MGD the sum of $12,998.48 in monthly installments. MGD alleges that A & A has defaulted on the contract and note and that A & A owes MGD an amount in excess of $6,300, exclusive of interest. MGD demands judgment against A & A in the aggregate sum of $12,452.23, plus interest and costs.

Presently before the Court is A & A's motion to dismiss the complaint for lack of *in personam* jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] A & A's argument in support of its motion to dismiss is that Counts I and II constitute two separate and independent transactions or occurrences, each of which involves an amount in controversy which is less than the $10,000 jurisdictional requirement of 28 U.S.C. § 1332(a), and that this Court, therefore, lacks jurisdiction over A & A. MGD's response is that, since Counts I and II are properly joined pursuant to Fed.R.Civ.P. 18(a), the aggregate amount of the two claims is the amount in controversy, and that this Court has jurisdiction over the complaint because the requirements of 28 U.S.C. § 1332(a) are satisfied. For the reasons set forth below, we hold that MGD's claims, as enumerated in Counts I and II, are properly joined pursuant to Fed.R.Civ.P. 18(a), that the amount in controversy is the aggregate of the joined claims, and that this Court has federal diversity jurisdiction of this complaint under 28 U.S.C. § 1332(a).

Rule 18(a) of the Federal Rules of Civil Procedure states:

(a) *Joinder of Claims.* A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party.

As the rule expressly states, a party asserting a claim for relief against an opposing party has the right to join with that claim any and all claims which he has against the opposing party in a single complaint. This rule expresses the policy, enunciated by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and reempha-

1. The Court notes that A & A, in arguing that the $10,000 jurisdictional requirement of § 1332(a) is not met in this case, is actually challenging the federal subject matter, rather than the *in personam*, jurisdiction of this Court. The motion of A & A will, therefore, be treated as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

sized in the notes of the Advisory Committee on Rules to the 1966 Amendment to Fed.R.Civ.P. 18(a), that under the Federal Rules of Civil Procedure, as amended, the broadest possible scope of action through joinder of claims, parties and remedies is to be encouraged. The claims which may properly be joined under Rule 18(a) include those which arise out of separate and independent transactions or occurrences, as well as those which arise out of a single transaction or occurrence. *Lanier Business Products v. Graymar Co.,* 342 F.Supp. 1200, 1203 (D.Md.1972); *Markham v. State Farm Mutual Automobile Ins. Co.,* 326 F.Supp. 39, 41 (W.D.Okl.1971), *rev'd on other grounds,* 464 F.2d 703 (10th Cir. 1972). *See also* 6 *Wright and Miller* §§ 1582–1583 at 795 (1971 ed.); Fed.R.Civ.P. 8(a), 10(b), 18–20, 42(b). The only restriction upon this broad policy of joinder is that the Court, in its discretion, may sever the claims where a failure to do so would result in great unfairness or prejudice to a party. 6 *Wright and Miller, supra,* § 1583 at 798; Fed.R. Civ.P. 42(b).

On the basis of the foregoing, it is clear that the claims presented by the complaint before us are properly joined under Fed.R.Civ.P. 18(a). Furthermore, there is no suggestion in the pleadings that prejudice, unfairness or inconvenience will result to A & A within the meaning of Fed.R. Civ.P. 42(b).

It is well settled that, in a diversity action, once claims are properly joined under Fed.R.Civ.P. 18(a), the aggregate amount of the joined claims is the amount in controversy for purposes of 28 U.S.C. § 1332(a). *Markham v. State Farm Mutual Automobile Ins. Co., supra,* 326 F.Supp. at 41. In the case before us, the aggregate of the two claims equals an amount in excess of $12,000, an amount which more than satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a). Accordingly, A & A's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) will be denied.

An appropriate Order will be entered.