INSURANCE
The decision arrived in Markum v. State Farm Mutual,464 F.2d 703 (10th Cir. 1972) does not affect the right of the insurance carrier to require reasonable physical examinations before acting on a claim if that right is a part of the contract; or the right of the parties to require arbitration prior to filing law suit if that is also a part of the contract. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: Does the decision in Markum v. State Farm Mutual Automobile Insurance Company,464 F.2d 703 (10th Cir. 1972), abrogate or modify the following provisions of a contract of insurance containing uninsured motorists coverage: 1. The right of the insurance carrier to require reasonable physical examinations before acting on a claim; or 2. The right of the parties to demand that their controversy be submitted to arbitration. The provisions of Oklahoma's uninsured motorists law are contained in 36 O.S. 3636 [36-3636] (1977). For our purposes the important provisions are contained in sub-sections A and B which read as follows: "(A) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection (B) of this section. "(B) The Policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles (emphasis added) and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of 47 O.S. 7-204 [47-7-204], Oklahoma Statutes, as the same may be hereafter amended; provided, however, that increased limits of liability shall be offered and purchased if desired, not to exceed the limits provided in the policy of bodily injury liability of the insured. The uninsured motorist coverage shall be upon a form approved by the State Board for Property and Casualty Rates as otherwise provided in the Insurance Code and may provide that the parties to the contract shall, upon demand of either, submit their differences to arbitration; provided, that if agreement by arbitration is not reached within three (3) months from date of demand, the insured may sue the tort-feasor." Since your question deals with the courts decision in the Markum case, a review of its specific holding is in order. This was an action to recover under the provisions of the uninsured motorists cover age of three liability policies issued by the defendant. The insured was injured while a passenger in a vehicle driven by her unemancipated daughter. The insurer claimed there was no right to recovery since under Oklahoma law, parents have no cause of action against their unemancipated children and accordingly under the Oklahoma uninsured motorist statute and provisions of the questioned insurance policies, the mother could not recover from her insured since she was not "legally entitled to recover damages" from her daughter within the meaning of the statute and contract of insurance. The plaintiff and lower court contended parent-child immunity did not apply since the right to recovery rested upon contract and not upon the specific identity of a tort-feasor. Plaintiff asserted that the defense, if available at all, was personal to the child and not the defendant herein. The Court of Appeals specifically held that since a mother has no cause of action against her unemancipated children in tort actions, and accordingly under Oklahoma's uninsured motorist statute, the parent could not recover from her insurer since she was not "legally entitled to recover damages" from her daughter within the meaning of the statutes and policies. The court added that the purpose of the uninsured motorist statute was to afford the same protection to a person injured by an uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance. Your questions are premised upon this latter finding by the court, but the Markum case did not directly address these issues. Rather it examined the general right of recovery of a person injured by an uninsured motorist. The Markum case would have no effect on the insurer's rights to require reasonable medical examinations or upon the rights of the parties to arbitration if both elements are a part of the contract of insurance. The questioned finding by the court is applicable only in affording financial protection to injured parties against the unfortuitous event of having damages from accidents with uninsured motorists. It does not undertake to rewrite the contract of insurance the parties freely entered into. This is consistent with court holdings upon numerous occasions that the parties to insurance contracts are at liberty to contract for insurance to cover such risks as they see fit and are bound by the terms of the contract and courts will not undertake to re-write that contract. Wiley v. Travelers Insurance Company 534 P.2d 1293 (1974). It is, therefore, the opinion of the Attorney General that your questions be answered in the negative. The decision arrived in Markum v. State Farm Mutual, 464 F.2d 703 (10th Cir. 1972) does not affect the right of the insurance carrier to require reasonable physical examinations before acting on a claim if that right is a part of the contract; or the right of the parties to require arbitration prior to filing law suit if that is also a part of the contract. (JOHNNY J. AKINS)